IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.G. CULLEN CONSTRUCTION, INC., ARLENE CULLEN, and PAUL CULLEN, <br><br>  Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, et al., <br><br>  Defendants. | Civil Action No. 08-1238 <br> Judge Nora Barry Fischer <br> (Related Case No. 07-765) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs A.G. Cullen Construction, Inc., Arlene Cullen, and Paul Cullen's ("Plaintiffs") Motion to Dismiss (Docket No. 69) Defendant Travelers Casualty and Surety Company of America's ("Travelers") counterclaims (*see* Docket No. 58 at 28-43), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined herein, Plaintiffs' motion is DENIED, without prejudice.

In support of their motion, Plaintiffs argue that Travelers' contractual indemnity counterclaims are permissive under Federal Rule of Civil Procedure 13, and, further, the Court should decline supplemental jurisdiction over same pursuant to 28 U.S.C. § 1367(c).[1] (Docket No.

---

[1]
   Section 1367 was enacted as part of the Judicial Improvements Act of 1990, Pub. L. 101-650, Title III, § 310(a), 104 Stat. 5113. The amendments "shall apply to civil actions commenced on or after the date of the enactment of th[e] Act," which was December 1, 1990. 104 Stat. 5114. Section 1367(c) states that a district court may decline to exercise supplemental jurisdiction over all other claims that are related to the claims in the action if:
   (1) the claim raises a novel or complex issue of State law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

1

Case 2:08-cv-01238-NBF-RCM   Document 88   Filed 10/30/09   Page 2 of 5

70 at 2-3; Docket No. 78 at 2-3). Plaintiffs maintain that because these claims are already pending in the related action at Civil Number 07-765 ("the 07 case"), the Court should use it discretion and refuse to entertain Travelers' counterclaims here as allowing them to proceed in this action would prejudice Plaintiffs by prolonging and delaying this case, given the length and scope of discovery allotted to the 07 case. (Docket No. 70 at 3-5). Plaintiffs request that the Court dismiss Travelers' counterclaims without prejudice, or in the alternative, order Travelers' counterclaims to be tried separately after the trial on Plaintiffs' abuse of process and malicious use of civil proceedings claims, under Federal Rules of Civil Procedure 13(i) and 42(b).[2] (*Id.*).

Travelers argues in response that its counterclaims are compulsory under Rule 13(a) because they arise out of the same transaction or occurrence that is the subject matter of Plaintiffs' claims. (Docket No. 73 at 3-6). To this end, Travelers contends that its contractual counterclaims are premised on the same underlying agreements which form the basis of Plaintiffs' claims. (*Id.* at 6). Additionally, Travelers maintains that its counterclaims should proceed in this case because much of the evidence in this case will parallel the 07 action. (*Id.*). Travelers acknowledges that the Court has already ruled that Plaintiffs' claims for abuse of process and malicious use of civil proceedings

---

        (3) the district court has dismissed all claims over which it has original jurisdiction, or
        (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c); *see also Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d. Cir. 1991).

[2] Federal Rule of Civil Procedure 13(i) states that "[i]f the court orders separate trials under Rule 42(b), it may enter judgment on a counterclaim or crossclaim under Rule 54(b) when it has jurisdiction to do so, even if the opposing party's claims have been dismissed or otherwise resolved." FED. R. CIV. P. 13(i). Rule 42(b) reads as follows: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering separate trials, the court must preserve any federal right to a jury trial." FED. R. CIV. P. 42(b).

will proceed to trial before its contractual indemnity claims, and is not asking the Court to revisit that issue. (*Id.* at 8-9).

Federal Rule of Civil Procedure 42(b) provides: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). Under Rule 13(i), it is within a district court's broad discretion to invoke Rule 42(b) and order separate trials so as to promote judicial convenience, expedite proceedings, or to avoid unfair prejudice to a party. *Goldman v. Radioshack Corp.*, Civ. A. No. 03-0032, 2005 U.S. Dist. LEXIS 9174, at *3 (E.D. Pa. May 16, 2005)(citing *Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 115 (3d Cir. 1992)). This decision must be made on a case-by-case basis, however, only one of these factors must be met to justify bifurcation. *Plaza-Bonilla v. Cortazzo*, Civ. A. No. 07-2045, 2009 U.S. Dist. LEXIS 30672, at *3-4 (E.D. Pa. Apr. 9, 2009).

For the following reasons, the Court finds that the interests of judicial economy and fairness to the parties are best served by ordering severance of Plaintiffs' claims from Travelers' counterclaims in this action. First, in its Memorandum Opinion dated July 24, 2009, the Court has already ruled that Plaintiffs' tort claims will be tried prior to Travelers' contractual claims. (*See* Docket No. 51). In that Opinion, the Court ruled that it would not expedite Travelers' indemnity claims over Plaintiffs' claims in this case as doing so would complicate and delay the progress of Plaintiffs' tort claims, while Travelers' claims are already pending in the 07 case. (Docket No. 51 at 10-11). The Court issued Case Management Orders for this case (Docket No. 52) and the 07 case (07-765, Docket No. 136) in furtherance of that ruling. This leads to the Court's second point. The issues raised by Travelers' counterclaims, in terms of proof, involve complex issues of state

contractual law and the amount of discovery required for same would trump what is required for Plaintiffs' tort claims.[3] Ultimately the issues related to Travelers' indemnity claims would predominate over those issues germane to Plaintiffs' present claims both during discovery and at trial. Here, Plaintiffs' tort claims solely focus on Travelers' conduct leading up to and in pursing the underlying motion. Conversely, Travelers' counterclaims relate to the bonds, the GAI and several years worth of conduct by Travelers, Plaintiffs, Butler County, and the numerous other parties involved in the 07 case.[4] Bearing in mind that Plaintiffs have limited funds whereas Travelers has substantial financial means to pursue its claims, in the interest of fairness, Plaintiffs' present claims should be tried separately. Doing so would provide for the most just, speedy, and least expensive course for the two cases. (*See also* Docket No. 51 at 10-11).

Third, in the Court's estimation, while Travelers' contractual indemnity claims may effectively work to off-set any recovery by Plaintiffs in this case, separate trials would not involve a substantial duplication of effort and time[5] because each parties' respective claims involve different factual and legal issues. *See Skaro v. Eastern Savings Bank*, 866 F.Supp. 229, 233-34 (W.D. Pa.

---

[3] In the 07 case, the Court has ordered, upon the parties' request, that fact discovery ends on September 30, 2010, while expert discovery ends on July 1, 2011. (Civ. A. No. 07-765, Docket No. 136). Whereas in this case, the Court has ordered that fact discovery shall be completed by February 16, 2010 and expert discovery shall be completed by July 15, 2010, one year prior to that of the 07 case. (Docket No. 52). The Court has ruled that it would monitor discovery in these cases through Magistrate Judge Mitchell, upon whom the parties agreed as a special discovery master. (Docket No. 51 at 11-12; *see also* Docket No. 46).

[4] These parties include various Butler County officials, Clista Electric, Inc., Enders Plumbing & Hearing Co., other subcontractors and numerous suppliers on the Butler County Prison Project, the construction manager Massaro Corporation, the architect L. Robert Kimball & Associates, as well as Travelers' consultant R.V. Buric. (*See generally* Docket Nos. 50, 57, 152).

[5] To this end, during a status conference on July 8, 2009 with counsel for the parties in both cases, the Court suggested to counsel that, where possible, depositions should be cross-noticed. (08-1238, Docket No. 40; 07-765, Docket No. 116).

1994)(citations omitted). Fourth, practical considerations weigh in favor of separate trials. Specifically, Plaintiffs' attorney in the 07 case, Richard Kalson, Esquire, is a witness to Plaintiffs' allegations in this case against Travelers and its attorneys, as he defended against the underlying motion which is at the heart of Plaintiffs' tort claims. Allowing one trial for both Plaintiffs' tort claims and Travelers' contractual indemnity counterclaims in this case could present a potential conflict for Mr. Kalson. *See In re Eastern Sugar Antitrust Litigation*, 697 F.2d 524 (3d Cir. 1982); and MODEL CODE OF PROF'L RESPONSIBILITY Canon 19 (1992)("when a lawyer is a witness for his client, he should leave the trial of the case to other counsel and that a lawyer should avoid testifying in court on behalf of his client in the same action.").

Accordingly, Plaintiffs' Motion to Dismiss Travelers' counterclaims [69] is DENIED, without prejudice to the prosecution of those claims in the action at Civil Number 07-765. It is further ordered that Travelers' counterclaims in this matter, if they must be tried, shall be tried separately and after the trial on Plaintiffs' abuse of process and malicious use of civil proceedings claims, pursuant to Federal Rules of Civil Procedure 13(i) and 42(b).

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:       October 30, 2009
CC/ECF:      All counsel of record.