IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

A.G. CULLEN CONSTRUCTION, INC., )
ARLENE CULLEN, and PAUL CULLEN, )
                                )
            Plaintiffs,          )
                                )
                                )
      v.                         )    Civil Action No. 08-1238
                                )    Judge Nora Barry Fischer
                                )    (Related Case No. 07-765)
TRAVELERS CASUALTY AND SURETY   )
COMPANY OF AMERICA, et al.,     )
                                )
            Defendants.          )

## MEMORANDUM ORDER

This matter is before the Court on Defendants' Objections to Magistrate Judge Mitchell's Text Order of April 13, 2010 denying Defendants' Motion to Compel Reconvening the Deposition of Richard D. Kalson, Esquire. (Docket No. [156]). Upon consideration of the same, Plaintiffs' Brief in Opposition (Docket No. [158]), and for the following reasons, Defendants' Objections to Magistrate Judge Mitchell's Text Order dated April 13, 2010 are overruled, and said Order is affirmed.

During Mr. Kalson's deposition, counsel for Plaintiffs directed him to not answer any question regarding events that occurred prior to April 1, 2007. (*Id.* at 1; Docket No. 158 at 2-3). Defendants brought a motion to compel reconvening the deposition, arguing that they have the right to make inquiry into events prior to April 2007, "insofar as Mr. Kalson's direct involvement with Travelers and, thereafter, with the co-defendants began in August of 2006 forward." (Docket No. 147 at 2). Defendants further argued that there was no relevancy objection raised by Plaintiffs and, "to

1

the extent there are specific privilege objections, those objections have been waived through the deposition of Mr. and Mrs. Cullen." (*Id.*). Defendants contend that the decision of Judge Mitchell denying the motion is "clearly erroneous because there is no reasonable basis to deny the Motion" and because the order does not articulate a basis for Judge Mitchell's ruling. (Docket No. 157 at 2). In particular, they now argue that the challenged testimony is relevant regardless of when the "false rumors" came to light, which Plaintiffs contend did not occur until April 2007, given Plaintiffs' lost bonding capacity claims and Mr. Kalson's attendance at meetings with Defendants addressing Plaintiffs' bonding. (*Id.*). In response to Plaintiffs' reliance on Pennsylvania Rule of Professional Conduct 1.6,[1] Defendants argue that this is not an evidentiary rule; thus, it does not preclude Mr. Kalson from testifying about events prior to April 2007. (*Id.* at 4-5).

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636 (b)(1); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 145 n.27 (3d Cir. 2009). A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 178 (3d Cir. 1988). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. *Conway v. State Farm Fire & Cas. Co.*, Civ. A. No. 98-0832, 1998 U.S. Dist. LEXIS 20137, *2-3 (E.D. Pa. Dec. 10, 1998)(citations omitted).

---

[1] Rule 1.6 provides, in pertinent that "a lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation." PA. R. PROF. C. 1.6(A).

In evaluating a magistrate judge's ruling, the reviewing court may not consider evidence "which was not before the tribunal of the first instance." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). "Generally, arguments raised for the first time in objections to a Magistrate Judge's" ruling are deemed waived. *Ingraham v. Liberty Mut. Ins. Co.*, Civ. A. No. 06-1419, 2008 U.S. Dist. LEXIS 55616, at *2 (W.D. Pa. July 21, 2008)(citations omitted). Here, Defendants raise for the first time their contention that the challenged testimony is relevant in light of Mr. Kalson's involvement with Defendants and Plaintiff's claim for damages due to lost bonding capacity. (Docket No. 157 at 3). In support of this contention, they cite to Plaintiffs' damages expert report, which was filed after Judge Mitchell's order. (Docket No. 154). Given that this argument was not presented to Judge Mitchell, this argument is deemed to be waived. *Ingraham*, 2008 U.S. Dist. LEXIS 55616, at *2.

Notwithstanding the above finding, for the following reasons, the Court finds that Defendants have not established that Judge Mitchell abused his discretion. First, Defendants have not met their burden of demonstrating why opposing counsel, Mr. Kalson, should be further deposed. Depositions of opposing counsel are permissible only if: (1) no other means exists to obtain the information; (2) the information sought is relevant and non-privileged; and (3) it is crucial to the preparation of the case. *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 385 (E.D. Pa. 2006); *see also Orlando v. Opera Co.* 1996 U.S. Dist. LEXIS 10341, at * 2-3 (E.D. Pa. July 24, 1996)(a party may take the deposition of "any person" pursuant to Rule 30(a); however, the taking of counsel's deposition should be permitted only where the above three requirements have been met.) Such depositions are not encouraged and generally only permitted where a clear need is shown. *Pyne v. Procacci Bros. Sales Corp.*, 1997 U.S. Dist. LEXIS 15672, at *5 (E.D. Pa. Oct. 8, 1997). In this Court's estimation,

Defendants have not presented this Court with facts establishing that there are no other means to obtain the information sought through Mr. Kalson. Indeed, Defendants could have questioned Plaintiffs directly during their depositions or served interrogatories concerning their involvement with Defendants in the time period between September 2006 and April 2007. Defendants have also failed to demonstrate that Mr. Kalson's testimony is relevant or crucial to their defense against Plaintiffs' tort claims in this case. Consequently, Defendants have not shown that there is a clear need for reconvening Mr. Kalson's deposition.

Second, Plaintiffs have not provided consent for Mr. Kalson to testify regarding matters that occurred prior to April 2007, as required by Pennsylvania Rule of Professional Conduct 1.6(a).[2] While the Court agrees with Defendants that this rule does not prevent a court from ordering such testimony, the Court refuses to do so here because Defendants have not established that the requested testimony is relevant to this lawsuit. Furthermore, permitting Mr. Kalson to testify regarding his interactions with Defendants prior to April 2007, when the alleged false rumor came to light, would serve to create the potential for Mr. Kalson to be called as a witness in the related indemnity action at Civ. A. No. 07-765, in which he is counsel for Plaintiffs. Thus, he may be disqualified from proceeding as Plaintiffs' counsel in the 07 case. *See* PA. R. PROF. C. 3.7(a)[3]; *see also In re Eastern Sugar Antitrust Litigation*, 697 F.2d 524 (3d Cir. 1982)("when a lawyer is a witness for his client, he should leave the trial of the case to other counsel and that a lawyer should avoid testifying in court on behalf of his client in the same action."). The Court previously ruled that Plaintiffs' tort claims

---

[2] *See* note 1, *supra*.

[3] Rule 3.7(a) states that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." PA. R. PROF. C. 3.7(a).

will be tried first and will be bifurcated from Defendants' indemnity claims in this case in an effort to avoid disqualification of Mr. Kalson. (Docket No. 88). Therefore, because Defendants have not demonstrated a need for Mr. Kalson's challenged testimony, the Court will not contravene its prior ruling.

For these reasons, the Court finds that Magistrate Judge Mitchell's Order is not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, Defendants' Objections [157] to Magistrate Judge Mitchell's Text Order dated April 13, 2010 are OVERRULED. Said Order is hereby AFFIRMED, and ADOPTED

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: May 17, 2010

CC/ECF: Magistrate Judge Robert C. Mitchell

All counsel of record